# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALTEE RICE,                    *

Petitioner                     *

v                              *          Civil Action No. PWG-19-1172

JAMA ACUFF, and                *
MARYLAND ATTORNEY GENERAL,
                               *
Respondents
                             ***

## MEMORANDUM

On April 22, 2019, Altee Rice filed the instant 28 U.S.C. § 2254 habeas corpus petition challenging the Maryland Division of Corrections' computation of his 2017 sentence for illegal possession of a firearm, carrying a handgun, reckless endangerment, possession of a controlled dangerous substance, and manufacturing, distribution, possession, or possession with intent to distribute entered by the Circuit Court for Prince George's County, Maryland. ECF 1. Respondents filed an Answer indicating, among other things, that the Petition must be dismissed for failure to exhaust state court remedies. ECF 4. Rice did not reply. For the reasons to follow, the Petition will be denied and dismissed without prejudice.

On September 12, 2017, Petitioner received the following sentences in the Circuit Court for Prince George's County in Case No. CT 150920X:

> Count Four, illegal possession of a regulated firearm: five year term of confinement, with all but four years suspended;
>
> Count Five, carrying a handgun: three year term of confinement to be served concurrent to Count Four;
>
> Count Six, reckless endangerment: five year term of confinement with all but four years suspended to run concurrent to Count Five;

Count Seven, possession of a controlled dangerous substance: four year term of confinement to run concurrent to Count Six;

Count Eight, manufacturing, distribution, possession, or possession with intent to distribute: eight year term of confinement, with all but five years suspended, to run concurrent to Count Six

ECF 4-1, p. 2.

The court credited Petitioner one year, 274 days for time served and directed that all sentences were to commence on December 15, 2015. *Id.* The commitment record dated September 25, 2017 mistakenly indicated, "The total time to be served is: 4 years to begin on 15-Dec-2015." *Id.* Petitioner's sentences resulted in a maximum expiration date of December 15, 2020. ECF 4-2; *see also* Md. Code Ann., Corr. Servs. § 3-701(2)(i) (defining term of confinement); Md. Code Reg. 12.02.06.01.B.12 (defining maximum expiration date).

On November 15, 2017, the Circuit Court for Prince George's County issued an amended commitment order correcting the error in the September 25, 2017 Commitment Order to reflect that Petitioner's time to be served was five years. ECF 4-3, p. 3; ECF 4-1, p. 2 (Count Eight - sentence to eight years with all but five years suspended). The amended commitment order did not change Petitioner's maximum expiration date. ECF 4-4, p. 2.

Assuming Rice has presented a federal question here, his Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Under § 2254, before seeking federal habeas corpus relief, Rice must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate in the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). This exhaustion requirement

affords the state courts the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Rice may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501 (Md. 2000); Md. Code Ann., Corr. Servs. § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id.* at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). Petitioner may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *id.* at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

If, however, Rice "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits," he may seek relief directly from Maryland courts by filing a petition for a writ of habeas corpus. *See Maryland*

3

*House of Correction v. Fields*, 703 A.2d 167, 175 (Md. 1997), *abrogated on other grounds by Moats v. Scott*, 751 A.2d 462 (Md. 2000). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Jones v. Filbert*, 843 A.2d 908 (Md. App. 2004); *Stouffer v. Staton*, 833 A.2d 33 (Md. 2003).

Rice states that he has not filed any proceeding in state court regarding the claims raised in this Petition. ECF No. 1, at 6-8. There is no indication that Rice has subsequently made any effort to fully exhaust his administrative or state remedies. This Court may not entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised. Having found the claims unexhausted, the Court need not address Respondents' additional arguments regarding the computation of Rice's sentence.

Accordingly, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Rice fails to meet this standard and a Certificate of Appealability shall not issue.

A separate Order follows.

10/18/19
Date

Paul W. Grimm
United States District Judge